# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHYLLIS RICHEY**<br><br>Plaintiff<br><br>vs.<br><br>**SUPERVALU, INC.**<br><br>Defendant | Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

1.

This is an action for actual damages brought by plaintiff, **PHYLLIS RICHEY**, against defendant, **SUPERVALU, INC.**, relating to a slip and fall that occurred on August 2, 2015. This incident occurred solely due to the negligence of defendant, **SUPERVALU, INC.** and its employees. As a result of the incident at issue, plaintiff, **PHYLLIS RICHEY**, suffered severe injuries.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court arises under 28 U.S.C. § 1332 since the parties are completely diverse and the amount in controversy exceeds $75,000.00.

3.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2). The accident at issue occurred within the Eastern District, particularly Washington Parish.

## PARTIES

4.

Plaintiff, **PHYLLIS RICHEY**, is a person of the full age of majority who at all relevant times was a citizen of the State of Louisiana. Plaintiff is domiciled in Washington Parish, State of Louisiana.

5.

Defendant, **SUPERVALU, INC.**, is a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of Minnesota *(Exhibit A)*. At all times herein, **SUPERVALU, INC.** was licensed to do and doing business in Louisiana and was a citizen of the states of Delaware and Minnesota. **SUPERVALU, INC.** may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

## FACTUAL ALLEGATIONS

6.

The Defendant is liable unto plaintiff for this matter, to wit:

The accident at issue herein occurred at Save-A-Lot store #357 located at 716 Washington Street, Franklinton, LA 70438, and the defendants are justly and truly indebted to complainant for said accident, in such amounts to be determined by this Court, together with legal interest from date of judicial demand and for the costs of these proceedings. At all times relevant hereto, Save-A-Lot store #357 was owned and operated by **SUPERVALU, INC.**

7.

On or about August 2, 2015, complainant, **PHYLLIS RICHEY**, was an invited guest at defendant's property, Save-A-Lot store #357 located at 716 Washington Street in Franklinton,

Louisiana. While at defendant's property, plaintiff was injured when she fell as a result of a hazardous and dangerous condition, located on the property owned by **SUPERVALU, INC.** As a result of the hazardous and dangerous condition on the property, as well as the lack of any warning regarding same, **PHYLLIS RICHEY** suffered severe injuries.

8.

Upon information and belief, at all material times hereto prior to and through the time of the August 2, 2015, accident at issue herein, defendant, **SUPERVALU, INC.,** was responsible for maintaining its passageways, aisles, and floors in a reasonably safe condition. Specifically, the defendant or its employees/agents failed to properly maintain the property free of defects and/or hazardous conditions and/or failed to properly warn plaintiff about said defects and/or hazardous conditions causing the accident at issue herein to **PHYLLIS RICHEY**. Specifically, **SUPERVALU, INC.** allowed melted ice cream to remain on the floor of its store and failed to clean it up. This melted ice cream caused plaintiff, **PHYLLIS RICHEY**, to fall injuring herself.

9.

On or about August 2, 2015, your complainant, **PHYLLIS RICHEY,** was an invited customer at Save-A-Lot store #357. As plaintiff proceeded into the store, she slipped and fell on a large puddle of vanilla ice cream that was present on the floor of the store for long enough to present constructive notice under La. R.S. 9:2800.6. As a result of her fall, **PHYLLIS RICHEY** suffered severe injuries. The cause of her fall and subsequent injuries was the failure of **SUPERVALU, INC.'s** employees to maintain its passageways, aisles, and floors in a reasonably safe condition.

10.

The aforementioned accident was caused by the negligence of defendant, its agents and employees, including, but not limited to, the following actions and/or inactions, as well as the presence of the following non-exclusive list of defects within said premises at the time of the accident. Accordingly, the defendant is liable to your plaintiff pursuant to the provisions of La. C.C. Art. 2315 and/or 2317 and/or La. R.S. 9:2800.6:

a) Failure to respond to unsafe conditions upon the property;
b) Allowing the existence of unsafe conditions upon the property;
c) Not properly maintaining the property (including the property's grounds);
d) Negligent supervision and/or maintenance of the property and its component parts;
e) Failing to warn visitors, guests and/or invitees about deficiencies in the property;
f) Failing to warn visitors, guests and/or invitees about hazards upon the property;
g) Failing to warn petitioner of the existence of the hazard at issue herein;
h) Failing to provide safe and/or adequate means of ingress or egress to the property at issue;
i) Not timely correcting and/or fixing the hazard at issue herein; and
j) These acts of negligence are pleaded specifically herein and are in addition to other acts of negligence which will be shown at the trial of this matter.

11.

Defendant, **SUPERVALU, INC.** owned, had custody and had guard of the premises at issue, and knew and/or should have known about the aforementioned hazardous condition. As a result, defendant, **SUPERVALU, INC.** is liable to your complainant under the provisions of La. C.C. Art. 2317 and/or La. R.S. 9:2800.6.

12.

As a result of the foregoing and as per applicable Louisiana Law including, but not limited to, the Doctrines of Respondeat Superior, principal and agent, employer-employee, and/or master-servant, said **SUPERVALU, INC.** is a proper party-defendant to which the negligence and/or liability of its agents and employees is attributable.

13.

As a result of the August 2, 2015 accident at issue herein, **PHYLLIS RICHEY** suffered serious physical and mental injuries as well as inconvenience, entitling her to recover damages against defendants, including but not limited to:

a)  Past and future mental pain and suffering;
b)  Past and future physical pain and suffering;
c)  Past and future medical expenses;
d)  Past and future inconvenience;
e)  Past and future loss of enjoyment of life;
f)  Lost wages;
g)  Loss of earning capacity;
h)  Permanent disability; and
i)  All damages allowed under Louisiana law which may be proven at the trial of this matter.

14.

**WHEREFORE**, the aforesaid premises considered, plaintiff prays that defendant, **SUPERVALU, INC.,** be duly served with a copy of this complaint and cited to appear and answer same, and that after due proceedings had, that there be a judgment herein in favor of plaintiff and against defendants herein finding said defendant liable for the full amount of your plaintiff's damages, and all costs together with legal interest thereon from the date of judicial demand until paid.

Complainant further prays for all general and equitable relief.

### DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands a trial by jury in this action.

DATED: June 27, 2016

                     RESPECTFULLY SUBMITTED,

*/s/ J. Benjamin Avin*

_____

**ANTHONY D. IRPINO (#24727)**
airpino@irpinolaw.com
**J. BENJAMIN AVIN (#34884)**
bavin@irpinolaw.com
**IRPINO LAW FIRM**
2216 Magazine Street
New Orleans, LA 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
*ATTORNEYS FOR PLAINTIFF*